1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11cr792 WQH |
| Plaintiff, | ORDER |
| vs. | |
| JUAN CARLOS VAZQUEZ-HERNANDEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to suppress statements filed by Defendant Juan Carlos Vasquez-Hernandez.  ECF No. 12.

**1. Background facts**

On Sunday, January 9, 2011, at approximately 5:25 a.m., Defendant was contacted by United States Border Patrol Agent Simon Yeaman walking with two other men twenty five to fifty yards north of the border in an area known to border patrol agents as "White Cross." White Cross is an area located three miles east of Otay Mesa Port of Entry and north of the United States/Mexico International Boundary. White Cross is a mountainous area with deep ravines on both sides.  The area contains an official border marker but no fence. There are no residences or businesses in the immediate area.  The area presents dangers to border patrol agents, including isolated terrain, and bandits.

Border Patrol Agent Simon Yeaman identified himself as a border patrol agent in English and in Spanish and told the three men to stop and to sit down.  Two of the individuals stopped and sat down.  Defendant in a slightly different area passively resisted.  Defendant did

1   not sit down, looked left, and looked right.  Agent Yeaman repeated his commands.  Defendant
2   sat down.

3       Border Patrol Agent Brown arrived on the scene.  The two agents handcuffed the three
4   individuals to each other and walked them approximately 300 yards on a dirt road to the border
5   patrol vehicles.  At the vehicles, Agent Brown asked the three men their citizenship and
6   nationality.  All responded "Mexico" and stated that they had no documents to legally enter
7   the United States.  The three individuals, including the Defendant were arrested and
8   transported to the Chula Vista border patrol station.

9       At 11:05 a.m., Defendant was brought to an interview room for questioning by Border
10  Patrol Agent Serrano.  Agent Serrano asked the Defendant biographical questions including
11  whether he was under the influence of drugs or alcohol.  Defendant stated that he had been
12  drinking alcohol.  Agent Serrano postponed the interview pursuant to border patrol policy.
13  Defendant was taken to the holding cell for sleep, water, and food.

14      At approximately 1:24 p.m., Agent Serrano resumed the interview.  Defendant stated
15  that he was ready to answer questions.  Defendant was read his *Miranda* rights in the Spanish
16  language, stated that he understood, and stated that he was willing to answer questions without
17  an attorney present.  Defendant signed an advice of rights form.  Defendant stated that he was
18  born in Mexico City and that he had no legal immigration documents.

19      On Monday, January 10, 2011, Defendant appeared before the Magistrate Judge in the
20  District Court for the Southern District of California.  Federal Defenders was provisionally
21  appointed and the initial appearance was continued to January 12, 2011.

22      On Wednesday, January 12, 2011, the Defendant made his initial appearance, Federal
23  Defenders was confirmed as counsel, bond was set, and a preliminary hearing was scheduled.

24  **2.  Initial Statements to Border patrol agent**

25      Defendant contends that *Miranda* warnings were necessary prior to any questioning at
26  the White Cross area.  Defendant contends that he was not free to leave and that the
27  questioning was designed to elicit incriminating responses.  Defendant further asserts that he
28  was intoxicated and that his statements were not voluntary.  The Government contends that

1   the Defendant's statements in the field to Agent Brown were made during the course of a

2   lawful detention and are admissible.

3        Warnings under *Miranda v. Arizona,* 384 U.S. 436 (1966) are required prior to

4   "custodial interrogation." *Id.* at 444. Whether a defendant was constitutionally entitled to a

5   *Miranda* warning is an issue of law and whether a person is "in custody" for the purposes of

6   *Miranda* is essentially a question of fact. *United States v. Galindo-Gallegos*, 244 F.3d 728,

7   730 (9th Cir. 2001).

8        A *Terry* stop is a brief investigatory stop which is an exception to the probable cause

9   requirement of the Fourth Amendment. "Beginning with *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct.

10   1758, 80 L.Ed.2d 247 (1984), the Court has recognized that a law enforcement officer's

11   reasonable suspicion that a person may be involved in criminal activity permits the officer to

12   stop the person for a brief time and take additional steps to investigate further. (citation

13   omitted.) To ensure that the resulting seizure is constitutionally reasonable, a *Terry* stop must

14   be limited. The officer's actions must be justified at its inception, and ... reasonably related

15   in scope to the circumstances which justified the interference in the first place." *Hiibel v. Sixth*

16   *Judicial Dist. Court*, 542 U.S. 177, 185 (2004). "A brief but complete restriction of liberty,

17   if not excessive under the circumstances, is permissible during a Terry stop and does not

18   necessarily convert the stop into an arrest." *United States v. Bautista,* 684 F.2d 186, 1289 (9th

19   Cir. 1982); *See also, United States v. Parr,* 843 F.2d 1228, 1230 (9th Cir. 1988) (there is no

20   per se rule that detention in a police car constitutes an arrest).

21        In this case, this Court concludes that the brief stop and limited questioning regarding

22   the Defendant's citizenship were justified, and reasonably related in scope to the

23   circumstances. Under the facts of this case, this Court concludes that the limited questioning

24   was not custodial interrogation which required *Miranda* warnings. The initial encounter was

25   twenty-five to fifty yards from the border, the questioning was very limited in scope, and the

26   initial questioning was very briefly delayed only by officer safety concerns.

27   **3. Intoxication**

28        "In evaluating voluntariness, the 'test is whether, considering the totality of the

circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.' " *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002) (quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir.1991)).  Despite a defendant's intoxication, a statement is voluntary if it is "the product of a rational intellect and a free will." *United States v. Kelley*, 953 F.2d 862 (9th Cir. 1992) (overruled on other grounds in *United States v. Dearing,* 9 F.3d 1428 (9th Cir. 1993)).

There are no facts in this case to conclude that the Defendant's brief answers to limited questioning were not voluntary.

4. **Delay in interview**

Defendant asserts that his post-Miranda statements must be suppressed on the grounds that the interview was conducted more than six hours after his arrest and the Government failed to arraign him without unnecessary delay as required by Fed. R. Crim. P. 5(a).

The Government contends that the only delay in the interview in this case was based upon the Defendant's claim that he was under the influence of alcohol.  The Government asserts that the agents did not delay in order to obtain any advantage over the Defendant and that the Defendant's appearance before the Magistrate Judge was not delayed.

18 U.S.C. § 3501(c)[1] creates a "six hour 'safe harbor' during which a confession will not be excludable [solely because of delay]."  *United States v. Van Poyck*, 77 F.3d 285, 288 (9th Cir. 1996) (citations omitted).  Statements made outside the six-hour "safe harbor" may be excluded solely for delay, but a court is not obligated to do so. *Id.*  The safe harbor may be expanded beyond the six hours if the delay is reasonable and is due to the means of transportation and the distance to the nearest magistrate.  *Id.*  A statement made outside the six

---

[1]18 U.S.C. § 3501(c) provides in relevant part: "In any criminal prosecution by the United States..., a confession made or given by a person ... under arrest..., shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest . . .: Provided, that the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge . . . beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available ...magistrate judge."

11cr792 WQH

1  hour safe hour period will be admitted "if the delay is reasonable or if public policy concerns
2  weigh in favor of admission." *United States v. Padilla-Mendoza*, 157 F.3d 730, 731 (9th Cir.
3  1998).

4       In this case, the only delay in conducting the interview after the Defendant's arrest
5  resulted from the Defendant's statement that he was intoxicated.  Agent Serrano attempted to
6  interview the Defendant well within the six hour period and gained no advantage from the brief
7  delay in order to allow the Defendant sleep, water, and food.  The record shows that the
8  Defendant appeared before the Magistrate Judge on the Monday following his Sunday arrest.
9  Defendant's interview statements made outside of the six hour safe harbor period are
10 admissible.

11      IT IS HEREBY ORDERED that the motion to suppress statements filed by Defendant
12 Juan Carlos Vasquez-Hernandez  ECF No. 12 is denied.

13 DATED:  May 20, 2011

14                                *William Q. Hayes*

15                      **WILLIAM Q. HAYES**
                     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

11cr792 WQH